## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CARLA A. CHAMPAGNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| PACE, the Suburban Bus Division of | ) | |
| the Regional Transportation Authority, | ) | |
| a unit of local government, body politic, | ) | |
| political subdivision and municipal corporation, | ) | |
| THOMAS J. ROSS, in his official and individual | ) | |
| capacity, MELINDA METZGER, in her | ) | |
| official and individual capacity, | ) | |
| THOMAS GROENINGER, in his | ) | |
| official and individual capacity, and | ) | |
| SALLY WILLIAMS. | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, CARLA A. CHAMPAGNE, by and through her counsel, Nicholas F. Esposito, Bradley K. Staubus and Brittany N. Bermudez, and for her Complaint against Defendants, PACE, the Suburban Bus Division of the Regional Transportation Authority, a unit of local government, body politic, political subdivision and municipal corporation; against THOMAS J. ROSS, in his official and individual capacity; against MELINDA METZGER, in her official and individual capacity; THOMAS GROENINGER, in his official and individual capacity; and, SALLY WILLIAMS, in her official and individual capacity, alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      This action is brought pursuant to: 42 U.S. Code §§ 1981, 1983 and 1988, as amended, for committing acts, under color of state law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States, and retaliating against Plaintiff for complaining about the discriminatory conduct. This action is also

brought pursuant to the Equal Pay Act 29 U.S.C. §206(d).  This civil action seeks damages.  Thus, this action arises under federal law and the United States Constitution including 42 U.S.C. Sections 1981, 1983 and 1988, as amended, and the Equal Pay Act.

2.     The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, and §1343(4) because this action arises from an Act of Congress for the protection of civil rights.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and the United States Constitution, which rights provide for damages and other relief for illegal discrimination in employment.

3.     Venue in this district is proper under 42 U.S.C. § 2000e-5(f) (3) and 28 U.S.C. § 1391(b) and (c) because the alleged conduct occurred in this district and the Defendant is located in this judicial district.

## FACTS COMMON TO ALL COUNTS

4.     Plaintiff, a white female, resides in River Forest, Cook County, Illinois.

5.     Pace is a unit of local government, body politic, political subdivision and a political subdivision of the State of Illinois and a "person" subject to suit within the meaning of 42 U.S.C. Section 1983, and at all times relevant hereto acted under color of state, and with its principal place of business in Arlington Heights, Cook County, Illinois.

6.     The Office of Executive Inspector General for the Agencies of the Illinois Governor ("OEIG") at all times relevant hereto had jurisdiction over Pace.

7.     Plaintiff was at all times relevant hereto an "employee" of Pace.

8.     Thomas Ross ("Ross"), Melinda Metzger ("Metzger"), Thomas Groeninger ("Groeninger") and Sally Williams ("Williams") at all times relevant hereto were final

2

policymakers of Pace and are sued for damages in their individual and official capacities within the meaning of 42 U.S.C. Section 1983, and at all times relevant hereto acted under color of state law.

9.      Ross, a white male, at all times relevant hereto was employed by Pace as its Executive Director.  Ross managed and directed all other individual Defendants.

10.     Metzger, a white female, at all times relevant hereto was employed by Pace as its Deputy Executive Director of Operations.  Metzger managed and directed Groeninger and Williams.

11.     Groeninger, a white male, at all times relevant hereto was employed by Pace as its Paratransit/Vanpool Regional Manager and managed and directed Williams.

12.      Williams, a Hispanic female, at all times relevant hereto was employed by Pace as its Division Manager of Paratransit.  Williams managed and directed Plaintiff.

13.     Jeannie Wrenn ("Wrenn") at all times relevant hereto was employed by Pace as its Ethics and Equal Employment Opportunity Officer, as mandated by the OEIG. On information and belief, at all times relevant hereto Wrenn reported to both Pace and OEIG.

14.     Pace's Employee Handbook includes in part rules and regulations related to performance reviews and merit increases. Performance reviews are to occur annually "and are based upon an assessment of individual performance and achievement for the entire year. The annual performance review is the basis for merit-based pay increases, the availability and amount which are determined by Pace."  Pace's Employee Handbook also prohibits discrimination, harassment, and retaliation in any form.

15.     Plaintiff was an employee of Pace from in or around October 2006 to in or around October 2014.

3

16.     During and after December 2012, Plaintiff was employed by Pace in the Paratransit Division located in Chicago, Illinois.

17.     At that time, Maurice Sanders ("Sanders"), a similarly situated black male, was employed by Pace and worked in the Paratransit Division as a Safety and Compliance Manager.

18.     For an extended period of time prior to September 2013, Plaintiff observed a consistent pattern of discriminatory conduct by Pace towards Sanders, and other black employees of Pace.

19.     This conduct, by way of example, included but was not limited to:

(a)     Williams ordered Plaintiff to "shame" certain black employees.

(b)     Williams falsely accused Sanders of mistreating Pace motor vehicles.

(c)     Williams falsely accused Sanders, at a meeting with outside contractors, of not knowing required safety procedures.

(d)     Groeninger adopted Williams' mistreatment of Sanders.

(e)     Williams and Groeninger, with the knowledge and/or approval of Metzger and/or Ross, placed Sanders on a Performance Improvement Plan ("PIP") but failed to follow the Pace policy and procedures for a PIP.

(f)     Pace, through Ross, Metzger, Groeninger and/or Williams, did not promote experienced and more qualified black employees in favor of less experienced and less qualified white employees.

(g)     Black employees were placed in positions without adequate training.

20.     Plaintiff repeatedly complained to Defendant Williams that the two black employees who she supervised did not have adequate training to perform their assigned tasks. Williams repeatedly told Plaintiff to reprimand and shame them.

4

21.     In September 2013, Sanders complained to Plaintiff about apparent discriminatory conduct towards him (including a PIP) and other black employees by Pace.  Plaintiff informed and advised Sanders that, under Human Resources policy, he had a right to complain to Jeannie Wrenn, the Ethics and Equal Employment Opportunity Officer, regarding the discriminatory treatment directed at Sanders and other black employees.

22.     Following Sanders' discussion with Plaintiff, in or around September 2013, Sanders disclosed and reported the discriminatory conduct, including on information and belief his conversation with Plaintiff, to Wrenn who, on information and belief, initiated an investigation into that conduct.

23.     On information and belief, Wrenn's investigation as the Ethics and Equal Employment Opportunity Officer was wrongfully co-opted by Pace managers Ross and Metzger, contrary to and in violation of Pace policy and the policies of the Illinois Office of Executive Inspector General.

24.     Ross and Metzger removed the Ethics and Equal Employment Officer, Wrenn, from the investigation.  On information and belief, Metzger, with knowledge and/or approval of Ross, then conducted her own "investigation" into the charges of racial discrimination in a Department she managed.  Thereafter, the Sanders' alleged PIP was retracted and changed to an unofficial PIP.

25.     From and after around September 2013, Williams subjected Plaintiff to intense scrutiny, malicious verbal attacks, harassment, and humiliation in the presence of others.

26.     Thereafter, Champagne continued to request assistance from Williams about the work responsibilities and conduct of her staff including that her staff needed additional training. Williams continue to ignore her requests.   This conduct caused Plaintiff humiliation and emotional distress.

27.    In December 2013, Plaintiff submitted year-end 2013 performance evaluations for the three employees she supervised, one white and two black.  Defendant Williams ordered Plaintiff to re-do the evaluations for the two black employees she supervised and to give them unwarranted higher performance reviews.  Defendant Williams informed Plaintiff "It doesn't look good for the department that these individuals have low scores."  Plaintiff re-did the two performance evaluations and gave the two black employees unwarranted higher performance evaluations.  Plaintiff submitted the revised performance evaluations to Defendant Williams.  Shortly thereafter Williams for the second time ordered Plaintiff to re-do the two performance evaluations for both of her black employee subordinates and to give an even higher unwarranted performance evaluation.  Shortly thereafter Williams for the third time ordered Plaintiff to re-do the performance evaluation for one of the two black employee subordinates and to give an even higher unwarranted performance evaluation to him.  Plaintiff again re-did the performance evaluation giving him even higher unwarranted reviews.  This conduct caused Plaintiff further emotional distress.

28.    As a result of Williams' order to give unwarranted designation of achievement for the two black employees in their yearly evaluations, they both received unwarranted greater salary increases effective January 1, 2014.  Thus, said action illegally decreased public funds of Pace and the State of Illinois.

29.    From and after September 2013 and through April 2014, Pace treated Sanders more favorably than Plaintiff in regard to adherence to company rules and policies. This conduct caused Plaintiff humiliation and emotional distress.

30.    From 2006 through 2012, Plaintiff received performance reviews that exceeded position expectations.  Contrary to Pace policy and procedure Plaintiff received no 2013

6

performance evaluation or, if one was created, it was never provided to Plaintiff for review contrary to Pace policy and, in any event, it was never provided to her when she requested her personnel file. Without receiving the required 2013 evaluation, Plaintiff received a significantly smaller salary increase compared to the two black employees in her department. In January 2014, Plaintiff received a .8 per cent salary increase, considerably lower than Maurice Sanders (2.9 per cent) and the two black employees (3.38 per cent, 3.85 per cent) she supervised. This conduct caused Plaintiff humiliation and emotional distress.

31.     In February 2014, as part of the Metzger investigation Metzger told Plaintiff that Plaintiff was doing a poor job causing Plaintiff to continue to suffer far greater humiliation and emotional distress on the basis that she believed she was being retaliated against. Separate and apart from the Metzger "investigation", Plaintiff met with Ethics and Equal Employment Opportunity Officer Wrenn and fully cooperated with Wrenn's investigation of discriminatory conduct in or around February or early March 2014. At that time, Plaintiff met with Wrenn as part of Wrenn's investigation. During the meeting, Plaintiff told Wrenn that Williams had ordered her to twice arbitrarily give higher evaluations to two black employees resulting in unwarranted merit pay increases. Plaintiff also told Wrenn that she had been demoted, put under intense scrutiny, attacked verbally, harassed, and publically humiliated by Ross, Metzger and Williams.

32.     On information and belief, Ross and Metzger concluded the belief that Plaintiff was a "whistleblower." On information and belief, Ross and Metzger shared said belief with Groeninger and Williams.

33.     In or around late March 2014, Plaintiff had a second meeting with Wrenn. During this meeting, Wrenn informed Plaintiff that Ross and Metzger believed Plaintiff to be the

7

department's "whistleblower". This conduct caused Plaintiff fear, humiliation, and greater emotional distress.

34. In or around early-March 2014, Metzger and Williams, with the knowledge and/or approval of Ross, demoted Plaintiff. This conduct caused Plaintiff humiliation, and greater emotional distress.

35. During a meeting on April 1, 2014, without having first initiated a PIP, Plaintiff was informed she was suspended without pay pending investigation for alleged violation of Pace rules and regulations. She was provided a written suspension notice which referred to the meeting as a "hearing" although she received no prior notice that it was a "hearing", and she was not prepared to present evidence on her own behalf. Groeninger then in the presence of her co-workers escorted her from her desk to get her coat and personal items, turn in her Pace keycard, Pace cell phone, and Pace ID/Riding Pass and keys and "immediately leave the premises." This conduct caused Plaintiff great humiliation, anger, fear, and even greater emotional distress. She was directed to attend an April 4, 2014 meeting to inform her whether she would be disciplined including up to employment discharge.

36. On April 4, 2014, Plaintiff was informed that Pace determined that her conduct warranted disciplinary suspension from employment without pay through April 7, 2014 at which time Pace would outline work and conduct requirements that would be expected for continuing employment subject to possible further disciplinary action including possible employment termination for any further violations. The charges were false and/or baseless and/or reasonably explained/explainable. Plaintiff was retaliated against and treated differently than black subordinate employees and her counter-part Sanders.

37.     On April 4, 2014, Plaintiff was caused to take FMLA and seek medical treatment for severe stress, headaches, anxiety disorder, and sleep deprivation, among other things, caused by Pace's conduct.  Pace's conduct rendered the conditions of her employment so hostile and intolerable as to constitute a constructive discharge.

38.     The purported basis for Plaintiff's suspension by Pace is pretextual.

39.     In regards to pay, Plaintiff was paid less than her two male similarly situated counterparts, Sanders and William Martin ("Martin") on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

40.     Defendants, including Metzger, Groeninger and Williams, all of whom ultimately reported to Ross, violated Pace rules and regulations, and other state and federal laws.

### COUNT I
**Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1981**
**Violation of the Fourteenth Amendment**
**Prohibiting Retaliation for Reporting Race Discrimination**
**(Against Pace)**

41.     Paragraphs 1-40 are incorporated herein by reference as paragraph 41.

42.     Plaintiff engaged in statutorily protected expression.

43.     Plaintiff suffered from adverse employment actions.

44.     There is a causal link between Plaintiff's statutorily protected expression and the adverse employment actions.

45.     Defendant Pace's conduct is violative of the Fourteenth Amendment of the U.S. Constitution's right to be free from retaliation arising from reporting race discrimination, to wit:.

> Section 1981 provides: "All persons within the jurisdiction of the
> United States shall have the same right in every State and Territory
> to make and enforce contracts, to sue, be parties, give evidence, and
> to the full and equal benefit of all laws and proceedings for the
> security of persons and property as is enjoyed by white citizens, and

shall be subject to like punishment, pains, penalties, taxes, licenses,
and exactions of every kind, and to no other."

46.     As a direct and proximate result of Defendant Pace discrimination and/or retaliation

against Plaintiff, she has suffered and will continue to suffer severe and substantial damages

damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career

and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental

anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience,

mental and emotional anguish, distress, pain and suffering, and other compensatory damages.

Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47.     Plaintiff also seeks prejudgment interest, post-judgment interest, and costs

including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and

against Defendant, PACE, the Suburban Bus Division of the Regional Transportation Authority, a

unit of local government, body politic, political subdivision and municipal corporation, for

compensatory damages in amounts to be proven at trial, plus her expenses, costs and statutory

attorneys' fees, and such other relief the Court may find appropriate.

### COUNT II
**Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1981**
**Violation of the Fourteenth Amendment Prohibiting Reverse Race Discrimination**
**(Against Pace)**

48.     Paragraphs 1-40 are incorporated herein by reference as paragraph 48.

49.     Plaintiff is a member of a protected class.

50.     Defendant intentionally discriminated against Plaintiff on the basis of her race,

white, in the terms and conditions of her employment.

51.     Defendant Pace violated Plaintiff's Fourteenth Amendment equal protection rights

by allowing her to be subjected to reverse race discrimination, to wit:

> Section 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

52. As a direct and proximate result of Defendant Pace discrimination and/or retaliation against Plaintiff, she has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain and suffering, and other compensatory damages. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

53. Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendant, PACE, the Suburban Bus Division of the Regional Transportation Authority, a unit of local government, body politic, political subdivision and municipal corporation, for compensatory damages in amounts to be proven at trial, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

### COUNT III
**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988**
**Violation of the Fourteenth Amendment-Equal Protection**
**Prohibiting Retaliation for Reporting Race Discrimination**
**(Against Pace)**

54. Paragraphs 1-40 are incorporated herein by reference as paragraph 54.

55.    Defendant, Pace, engaged in a widespread, unwritten, custom and/or practice to disregard clearly writing policies prohibiting retaliation for reporting discrimination and/or harassment, and/or that decisions were made by Defendant Pace's agents with final policymaking authority contrary to express requirements prohibiting discrimination and retaliation.   Defendant, Pace, also failed to adequately train Pace staff about policies prohibiting discrimination basis of and retaliation.  This failure to train caused Plaintiff to be subjected to further discrimination and retaliation.

56.    Defendant Pace's conduct is violative of the Fourteenth Amendment of the U.S. Constitution's equal protection/right to be free from retaliation arising from reporting race discrimination, to wit:.

> Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, equity, or other proper proceeding for redress."

57.    As a direct and proximate result of Defendant Pace's discrimination and/or retaliation against Plaintiff, she has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain and suffering, and other compensatory damages.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

58.    Plaintiff also seeks prejudgment interest, post-judgment interest, and costs

including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendant, PACE, the Suburban Bus Division of the Regional Transportation Authority, a unit of local government, body politic, political subdivision and municipal corporation, for compensatory damages in amounts to be proven at trial, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

## COUNT IV
### Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988
### Violation of the Fourteenth Amendment-Equal Protection
### Prohibiting Reverse Race Discrimination
### (Against Pace)

59. Paragraphs 1-40 are incorporated herein by reference as paragraph 59.

60. Defendant Pace engaged in a widespread, unwritten, custom and/or practice to disregard clearly writing policies prohibiting reverse race discrimination, and that decisions were made by Defendant Pace's agents with final policymaking authority contrary to express requirements prohibiting discrimination.

61. Defendant Pace, acting under color of state law, deprived the Plaintiff of her constitutional rights and/or acted intentionally and/or with callous disregard for Plaintiff's clearly established constitutional rights, and/ or that it treated her differently than black employees similarly situated and with is no rational basis for the difference in treatment.

62. Defendant Pace violated Plaintiff's Fourteenth Amendment equal protection rights by allowing her to be subjected to reverse race discrimination, to wit:.

> Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

13

at law, equity, or other proper proceeding for redress."

63.     As a direct and proximate result of Defendant Pace's discrimination against Plaintiff, she has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain and suffering, and other compensatory damages. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

64.     Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendant, PACE, the Suburban Bus Division of the Regional Transportation Authority, a unit of local government, body politic, political subdivision and municipal corporation,  for compensatory damages in amounts to be proven at trial, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

## COUNT V
### Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988 Violation of the Fourteenth Amendment-Equal Protection Based Upon Sex Discrimination (Against Pace)

65.     Paragraphs 1-40 are incorporated herein by reference as paragraph 65.

66.     Defendant Pace violated Plaintiff's Fourteenth Amendment equal protection rights by allowing her to be subjected to sex discrimination, to wit:

> Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the

14

United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, equity, or other proper proceeding for redress."

67.     Defendant Pace engaged in a widespread, unwritten, custom and/or practice to disregard clearly writing policies prohibiting sex discrimination, and that decisions were made by Defendant Pace's agents with final policymaking authority contrary to express requirements prohibiting discrimination.

68.     Defendant Pace, acting under color of state law, deprived the Plaintiff of her constitutional rights and/or acted intentionally and/or with callous disregard for Plaintiff's clearly established constitutional rights, and/ or that it treated her differently than male employees similarly situated and with is no rational basis for the difference in treatment.

69.     As a direct and proximate result of Defendant Pace's discrimination against Plaintiff, she has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain and suffering, and other compensatory damages. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

70.     Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendant, PACE, the Suburban Bus Division of the Regional Transportation Authority, a unit of local government, body politic, political subdivision and municipal corporation,  for

15

compensatory damages in amounts to be proven at trial, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

## COUNT VI
### Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988
### Violation of the Fourteenth Amendment-Equal Protection Prohibiting Discrimination and Retaliation for Reporting Race Discrimination
### (Against Ross, Metzger, Groeninger and Williams in their Official Capacities)

71.     Paragraphs 1-40 are incorporated herein by reference as paragraph 71.

72.      Ross, Metzger, Groeninger and Williams, each acting under color of state law, had actual knowledge that there was discrimination and retaliation, and Ross, Metzger, Groeninger and Williams were personally responsible for the deprivation of a constitutional right, knew about and/or facilitated the prohibitive conduct, approve it, condone it, or turned a blind eye to it, such that it was so severe, pervasive, and objectively offensive that it created a hostile climate that deprived Plaintiff of her constitutional rights and liberties and access to income, benefits, programs, activities, and opportunities.

73.     The practices, policies, or customs of Ross, Metzger, Groeninger and Williams, as individuals with final policymaking authority, have engaged in, contributed to and continue to engage and contribute to a retaliatory environment against Plaintiff for complaining of violations of statutory and constitutional rights.

74.     Ross, Metzger, Groeninger and Williams also failed to adequately train Pace staff about policies prohibiting discrimination on the basis of race and retaliation.  This failure to train caused Plaintiff to be subjected to reverse race discrimination and retaliation.

75.     The violations of Plaintiff's rights under the Fourteenth Amendment by each of the Defendants named in this claim were the actual, direct, and proximate cause of injuries suffered by Plaintiff as alleged.

76.     As a direct and proximate result of Defendants' discrimination against Plaintiff, she has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain and suffering, and other compensatory damages. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

77.     Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendants, THOMAS J. ROSS, MELINDA METZGER, THOMAS GROENINGER and SALLY WILLIAMS, in their official capacities, for compensatory damages in amounts to be proven at trial, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

## <u>COUNT VII</u>
### Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988
### Violation of the Fourteenth Amendment-Equal Protection Prohibiting Discrimination and Retaliation for Reporting Race Discrimination
### (Against Ross, Metzger, Groeninger and Williams in their Individual Capacities)

78.     Paragraphs 1-40 are incorporated herein by reference as paragraph 78.

79.     Ross, Metzger, Groeninger and Williams are each final policy-makers and decision-makers for Pace and set custom and policy for Pace.

80.     Ross, Metzger, Groeninger and Williams intended to and did retaliate against Plaintiff based on her complaints of discrimination.

17

81.     Ross, Metzger, Groeninger and Williams intended to and did act and/or fail to act with deliberate or reckless disregard of Plaintiff's constitutional rights afforded to her by the Fourteenth Amendment, or in the alternative, each Defendant knew about the other Defendants' retaliatory conduct towards Plaintiff, facilitated it, approved it, condoned it, and/or turned a blind eye to it by not investigating and/or stopping and/or  punishing other Defendants' retaliatory conduct towards Plaintiff, and in fact participated in the retaliatory conduct.

82.     As a direct and proximate result of Ross, Metzger, Groeninger and Williams' retaliatory conduct against Plaintiff, she has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, punitive damages, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain and suffering, and other compensatory damages.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.  Plaintiff is also entitled to and seeks one million dollars ($1,000,000) punitive damages against each of Ross, Metzger, Groeninger and Williams in their individual capacity.

83.     Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendants,  THOMAS J. ROSS, MELINDA METZGER, THOMAS GROENINGER and SALLY WILLIAMS, in their individual capacities, for compensatory damages in amounts to be proven at trial, punitive damages, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

## COUNT XIII
**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988
Violation of the First Amendment Prohibiting Retaliation
for Exercising First Amendment Rights
(Against Pace)**

84.     Paragraphs 1-40 are incorporated herein by reference as paragraph 84.

85.     Plaintiff's speech to Sanders and/or Wrenn was constitutionally protected in that she spoke out against Defendant Pace as a citizen about matters of public concern and that said action exceeded her normal duties when she disclosed the improper acts of Pace management. Plaintiff's interest as a citizen commenting upon matters of public concern outweighs the State's interest as an employer in promoting the efficiency of the public services it performs through its employees.

86.     Plaintiff suffered a deprivation likely to deter free speech.

87.     Plaintiff's speech was at least a motivating or substantial factor in Defendant Pace's decision to subject Plaintiff to adverse employment actions.

88.     As a direct and proximate result of Defendant Pace discrimination and/or retaliation against Plaintiff, she has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain and suffering, and other compensatory damages. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

89.     Plaintiff also seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendant, PACE, the Suburban Bus Division of the Regional Transportation Authority, a unit of local government, body politic, political subdivision and municipal corporation, for compensatory damages in amounts to be proven at trial, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

**COUNT IX**
**Violation of the Equal Pay Act**
**29 U.S.C.§206(d)**
**(Against Pace)**

90.     Paragraphs 1-40 are incorporated herein by reference as paragraph 90.

91.      Defendant Pace subjected Plaintiff to sexual discrimination in that her supervisors gave her less advantageous terms and conditions of employment than given to similarly-situated male employees.

92.     Defendant Pace denied Plaintiff opportunities and refused to give Plaintiff opportunities offered to similarly-situated male employees.

93.     Defendant Pace paid similarly situated male employees more for the same work.

94.     Defendant Pace engaged in a pattern and practice of unequal pay between similarly situated male and female workers in violation of 29 U.S.C. §206(d) the Equal Pay Act.  Defendant Pace failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate unequal pay based on gender from the workplace and to prevent it from occurring in the future.

94.     As a direct and proximate result of Defendant Pace's pattern and practice of unequal pay between similarly situated male and female employees, Plaintiff has suffered damage including loss of wages, benefits, liquidated damages and back pay.

95.     Plaintiff seeks prejudgment interest, post-judgment interest and costs including reasonable statutory attorneys' fees and expert witness fees.

20

WHEREFORE, Plaintiff, CARLA A. CHAMPAGNE, prays for judgment in her favor and against Defendant, PACE, the Suburban Bus Division of the Regional Transportation Authority, a unit of local government, body politic, political subdivision and municipal corporation,  for loss of wages, benefits, liquidated damages, back pay, plus her expenses, costs and statutory attorneys' fees, and such other relief the Court may find appropriate.

**JURY TRIAL IS DEMANDED FOR ALL COUNTS**

Respectfully submitted,
Carla Champagne,
Plaintiff,
By: /s/ Nicholas F. Esposito

Nicholas F. Esposito, Atty. # 0755176
Bradley K. Staubus, Atty. # 6230326
Brittany N. Bermudez, Atty. # 6317591
ESPOSITO & STAUBUS LLP
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
(312) 346-2766